UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA, DIVISION

AMY BECKWORTH, and those others
that are similarly situated

    Plaintiffs,

Case No.:_____

COLLECTIVE ACTION

v.

SENIOR HOME CARE, INC.,
ROBERT FUSCO and LYNNE HEBERT

    Defendant,

_____/

**COMPLAINT FOR UNPAID OVERTIME WAGES
LIQUIDATED DAMAGES,
ATTORNEY'S FEES AND COSTS [29 U.S.C.§§ 206, 207, 216(b)];**

Plaintiff, AMY BECKWORTH, (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated employees, bring this collective action against SENIOR HOME CARE, INC. (hereinafter referred to as SENIOR HOME CARE), ROBERT FUSCO and LYNNE HEBERT and allege as follows:

**Jurisdiction and Venue**

1)     Plaintiffs bring this Complaint contending that Defendant failed to properly pay overtime compensation to all of its employees who worked for it within the last three years, including but not limited to any and all Registered Nurse's, or other similarly situated employees, (hereinafter referred to collectively as "RN"), as required by the Fair Labor Standards Act, 29 U.S.C. §201, et seq ("the FLSA"). This court has jurisdiction under 28 U.S.C. §§ 1331, 1337.

2)     Venue is proper pursuant to 28 U.S.C. § 1391(b) as the actions giving rise to this action occurred in this district and the Defendant conducts business in this district.

## Nature of the Case

3)     This action is brought to recover unpaid compensation owed to Plaintiff and all employees and former employees of Defendants who are similarly situated, pursuant to the FLSA, 29 U.S.C. § 201 et seq. for at least three years prior to the filing of this complaint and continuing presently ("liability period").

4)     Defendant has had a policy of consistently requiring their employees, including Plaintiff, to work overtime without properly paying them compensation and/or overtime compensation for work in excess of forty (40) hours per week as required by the FLSA. Plaintiff and all similarly situated employees who elect to participate in this action seek unpaid compensation and overtime compensation, and equal amount of liquidated damages, attorneys' fees and costs, pursuant to 29 U.S. C. .§ 216(b).

## Parties

5)     Plaintiff was employed by the Defendants and performed work within this District, including but not limited to performing work in Escambia County, Florida .

6)     Plaintiff, AMY BECKWORTH, is a resident of the State of Florida and was employed by the Defendants in this District.

7)     The Plaintiff worked as a RN for the Defendants within the past three (3) years. As a RN, Plaintiff worked in excess of 40 hours per week, but was not properly paid for all hours worked in excess of 40 hours per week.

8)     Plaintiff bring this action on behalf of herself and all other similarly situated registered nurses employed by Defendants.

9) It is Plaintiff's information and belief that all Registered Nurses and other similarly situated employees are subject to the same policy or procedure of the Defendants that violates the Fair Labor Standards Act by not properly its employees one and one half (1 ½) times their regular rate of pay for each and every hour that the employee works over 40 hours in any work week.

10) There are estimated to be over 250 other Registered Nurses, Licensed Practical Nurses, and other similarly situated employees employed by Defendants in the preceding three years in Florida.

11) The Defendant, SENIOR HOME CARE, INC., is a Florida for Profit Corporation and transacts business in the States of Florida and Louisiana, including ESCAMBIA County, Florida.

12) Defendant, SENIOR HOME CARE, INC., is the Plaintiffs' "employer" within the meaning of the FLSA.

13) SENIOR HOME CARE, INC. supervises or has operational control over the Plaintiff and SENIOR HOME CARE, INC.'s other employees.

14) The Defendant, SENIOR HOME CARE, INC., is an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

15) Defendant, ROBERT FUSCO, is an individual over the age of eighteen (18) whom, upon information and belief, resides in the State of Florida or otherwise has significant ties with this venue. Defendant is the "Chief Executive Officer" of the Defendant, SENIOR HOME CARE, INC.

16) Defendant, LYNNE HEBERT, is an individual over the age of eighteen (18) whom, upon information and belief, resides in the State of Florida or otherwise has significant

ties with this venue. Defendant is the "Chief Operating Officer" of the Defendant, SENIOR HOME CARE, INC.

17) Defendants operate SENIOR HOME CARE health care facilities in various locations in the States of Florida and Louisiana.

18) SENIOR HOME CARE health care facilities are operated under the corporate name SENIOR HOME CARE, INC.

19) The Defendants operate SENIOR HOME CARE health care facilities under a common ownership, scheme, plan, and or common control such that they constitute a common entity. Moreover, the operations, practices, policies and procedures, including those with respect to compensation, are highly integrated and interdependent such that the Defendants constitute a single and/or joint employer under the law.

20) The Defendants, ROBERT FUSCO and LYNNE HEBERT are actively involved in the day to day operations of SENIOR HOME CARE, INC., including matters concerning hiring, firing, payroll, setting policies, making procedures, setting goals, marketing, setting pay rates, and other business operations.

21) Defendants, ROBERT FUSCO and LYNNE HEBERT are the Plaintiff's "employer" within the meaning of the FLSA.

22) ROBERT FUSCO and LYNNE HEBERT supervise or have operational control over the Plaintiff and the Defendants other employees.

23) The Defendants, ROBERT FUSCO and LYNNE HEBERT, are an employer and enterprise engaged in interstate commerce and is subject to the FLSA.

24) The Plaintiff was at all material times, employed by the Defendants in Florida and were/are covered employees of the Defendants, within the meaning of the FLSA.

FACTUAL BACKGROUND

25) Defendants operate SENIOR HOME CARE which employs nurses, therapist and other clinicians which provide home health care services.

26) As part of its business the Defendants employ Registered Nurses and other similarly situated healthcare professionals to provide care and support to their patients

27) Plaintiff, and other similar situated employees work to execute the work of and directly serve the customers of the Defendants.

28) Plaintiff, and other similar situated employees are paid by the Defendants on a per diem or piece meal rate and are/were frequently and regularly required to work in excess of forty (40) hours, without being paid overtime time at the rate of one and one half (1 ½) times their regular rate of pay for all hours worked and or based on all wages.

29) Plaintiff, and other similar situated employees, have been treated as "non-exempt" employees within the meaning of the FLSA and implementing regulations of the U.S. Department of Labor.

30) Defendants were well aware of the overtime work hours worked by Plaintiff, and other similar situated employees, yet did not pay these employees overtime compensation as required by the FLSA.

**Collective Action FLSA Allegations**

31) Plaintiff brings this case as a collective action to recover unpaid overtime compensation, liquidated damages, unlawfully withheld wages, statutory penalties, attorney's fees and costs, and damages owed to Plaintiff and all similarly situated employees of the Defendants.

32) The Defendants has regularly employed the Plaintiff and other similarly situated employees in excess of forty hours in a workweek.

33) The Defendants have regularly not paid the Plaintiff, and other similarly situated employees, at a rate of one and one half times their regular rate of pay for all the hours worked in excess of 40 hours in a workweek.

34) The other employees, have similar job requirements as compared to the Plaintiff in that they provide nursing services to the Defendants' patients.

35) The Defendants' similarly situated employees are paid under the same policy as the Plaintiff which does not properly pay the employee overtime at one and one half (1 ½) time the employees regular rate of pay as required by the FLSA, including but not limited to any bonuses and/or shift differential pay.

36) The Defendant has engaged in a pattern and practice of violating § 207 of the FLSA with respect to the Plaintiff and the other similarly situated employees by failing and refusing to pay overtime pay at the rate of one and one half (1 ½) times the employees regular rate of pay as required by the FLSA, including but not limited to any bonuses, shift differential pay or per diem pay.

37) The class of similarly situated persons on whose behalf the case is brought (hereinafter "class") consists of:

> All persons who are currently, or who were employed during the three (3) year period immediately preceding the filing of this Complaint, in the position of "REGISTERED NURSE", "RN" or similarly titled position for the Defendants, directly or through one of its subsidiaries or affiliated companies, and were not paid overtime compensation at the rate of 1 ½ times their regular rate of pay for each hour that the employee worked over forty (40) hours in a work week, including being paid per diem or piece meal rate.

20) Plaintiff estimates that there are over 250 members in the Class in Florida and Louisiana. The precise number of Plaintiffs can be easily ascertained by Defendants through the use of payroll and personnel records. Given the composition and size of the class, members of the class may be informed of the pendency of this action through direct mail.

21) This action is properly maintained as a collective action because Plaintiff and the Class members are similarly situated with respect to the overtime violations alleged in this Complaint.

22) This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216 as to claims for unpaid minimum and/or overtime wages, liquidated damages, costs, and attorney's fees.

23) Plaintiff request that this Court authorize notice to be circulated to all similarly situated persons informing them of this action and their right to opt-in to this action under 29 U.S.C. § 216 for the purpose of seeking unpaid overtime compensation, liquidated damages under the FLSA, and other relief requested herein.

24) Plaintiff and members of the Class were, at all times during the violation period, classified by the Defendants as non-exempt under the FLSA and were not properly paid overtime wages for hours worked in excess of forty in a work-week.

25) Plaintiff and members of the Class were required and/or permitted to work in excess of forty hours in a work-week, but where not paid the proper overtime rate for all hours worked in excess of forty in a work-week. The Plaintiff are entitled to overtime

compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

26) Defendants knew and were aware at all times that the Plaintiff and other similarly situated employees worked in excess of forty hours in a workweek. Defendants purposefully, intentionally, and wrongly failed to pay the Plaintiff and other similarly employees overtime compensation at a rate of one and one half times their regular rate of pay for all hours worked in excess of forty hours in a workweek.

27) Defendants knew, or showed reckless disregard for, the fact that its failure to properly pay overtime compensation was in violation of the FLSA.

28) Defendants have failed to maintain accurate records of the hours worked by the Plaintiff and all other similar employees.

29) The Defendants managed the work that the Plaintiff and Class members performed, the hours worked, and dictated, controlled, and ratified compensation policies applied to the Plaintiff and Class members.

30) The Defendants' compensation policies are uniform amongst all "REGISTERED NURSE", "RN" and disseminated by senior management.

## Count One - Violation of 29 U.S.C. § 207 and § 216(b)

39) The allegations of the preceding paragraphs are incorporated by reference herein.

40) Section 207(a)(1) of the FLSA prohibits an employer from employing its non-exempt employees for a work-week longer than forty (40) hours, unless such employee receives compensation for all hours he or she is employed in excess of forty hours in a work-week at a rate not less than one and one-half times the regular rate of pay.

41) The Defendants employed Plaintiff, and those similarly situated, in excess of forty (40) hours in a work-week without paying her at a rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) in a work-week as required by the FLSA and thus have violated the rights of the Plaintiff", and those similarly situated, under § 207 of the FLSA and 29 C.F.R. 541.3.

42) As a consequence of the Defendants' violation of the FLSA, the Plaintiff is entitled to one and one half times her regular rate of pay for all hours they worked in excess of forty hours in a work-week within the three years preceding the filing of this lawsuit, or the three years preceding the election to participate by other similarly situated Case Workers.  She is also entitled to an equal amount of money as liquidated damages under the FLSA

43) The actions of the Defendants complained of herein were willful within the meaning of 29 U.S.C. § 216(b) and were not in good faith.

44) Because of Defendants' actions, Plaintiff has had to retain counsel and are entitled to recover their attorneys' fees and costs connected with this suit.

45) As a result of the unlawful acts of Defendants, Plaintiff and other similarly situated persons have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other compensation.

WHEREFORE, Plaintiffs pray that this Court:

    a) Certify a Collective Action or Actions;

b) Order that Defendant file with this court, and with Plaintiffs' counsel, a list of all names and addresses for the following classes of employee: REGISTERED NURSE", or "RN" employed by Defendants during the violation period and authorize Plaintiffs' counsel to issue notice to those persons at the earliest possible time informing them of the filing of this action, the nature of the action, and of the right to "opt-in" to the action if the person falls within the Class definition.

c) Enter judgment enjoining the Defendants from engaging in the practices complained of herein;

d) Declare that Defendants have violated the overtime provisions of the FLSA, 29 U.S.C. §207 and 29 C.F.R. 541.3, as to the Plaintiff and Class members;

e) Declare that Defendant's violations of the FLSA was willful and not in good faith;

f) Enter judgment awarding Plaintiff and Class members unpaid overtime compensation and an additional equal amount as liquidated damages;

g) Enter judgment awarding Plaintiff and Class members reasonable attorneys' fees and costs;

h) Award pre and post-judgment interest as allowed by law;

i) Grant Plaintiff and Class members leave to amend to add additional Plaintiff's by motion, the filing of consent forms, or any other method of proof by the Court; and

j) Grant such other relief which this Court deems just and proper.

Respectfully Submitted,

*/s/ Jeremiah J. Talbott*

_____
Jeremiah J. Talbott, Esquire
LAW OFFICES OF J.J. TALBOTT, P.A.
245 E. Intendencia Street
Pensacola, Fla. 32502
jjtalbott@talbottlawfirm.com
(850) 437-9600
(850) 437-0906 (Facsimile)
Fla. Bar No. 0154784
*Attorney for the Plaintiff*