IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

AMY BECKWORTH, and those others
that are similarly situated,
    Plaintiffs,

v.                                                Case No.: 3:12cv351/MCR/EMT

SENIOR HOME CARE, INC.,
ROBERT FUSCO and LYNNE HEBERT,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This is an action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiff Amy Beckworth and other similarly situated employees ("Plaintiffs") seek overtime wages and liquidated damages from Defendants Senior Home Care, Inc. ("SHC"), SHC Chief Executive Officer Robert Fusco, and SHC Chief Operating Officer Lynne Hebert (together, "Defendants"). The case is before the undersigned upon the district court's referral (doc. 239) of Defendants' "Motion to Dismiss Non-Compliant Opt-in Plaintiffs and for Reimbursement of Expenses Caused by Plaintiffs' Failure to Cooperate in Discovery" (doc. 229). For the reasons stated below, the court recommends granting Defendants' motion in part and denying it in part.

    Background

    The following information is taken from Defendants' pending motion (doc. 229), Plaintiffs' response thereto (doc. 238), and various court orders and documents. Plaintiffs initiated this case on July 18, 2012, by filing an eleven-page complaint (doc. 1). On October 31, 2012, the district court conditionally certified the matter as a collective action and set forth a ninety-day opt-in period, to be followed by a ninety-day discovery period limited to the issue of whether the opt-in Plaintiffs are similarly situated (doc. 21). The district court subsequently extended the class discovery period

and the motion for decertification deadlines through November 11, 2013, and January 10, 2014, respectively (*see* docs. 173, 217; *see also* doc. 246 (permitting deposition only of corporate representative outside class discovery period)).[1]  Plaintiffs sent court-approved notices to approximately 2,186 members of the putative class, all of whom were nurses who allegedly worked for SHC during the three-year period prior to the filing of the complaint on July 18, 2012 (doc. 229 at 3; doc. 238 at 5; doc. 1 at 1).[2]  One hundred twenty-eight individuals filed opt-in consent forms to join the action during the opt-in period ("the opt-in Plaintiffs") (*id.*).[3]

On April 15, 2013, Defendants propounded several discovery requests upon the opt-in Plaintiffs, namely: a request to respond to interrogatories (consisting of five interrogatories, with subparts), a request for production (consisting of nine requests), and a request for admissions (consisting of five requests) (*see* doc. 201, exhs. 2–4).  The discovery requests sought information on the individual's job duties, overtime hours worked, forms of compensation, witnesses, claimed damages, and other employment while working for SHC; the requests were identical as to each opt-in Plaintiff, and the responses thereto were due on or before May 15, 2013 (doc. 229 at 4).  At Plaintiffs' request, Defendants extended the response date three times, ultimately making the responses due on or before June 24, 2013 (*id.* at 4–5).  On June 21, 2013, Defendants noticed the depositions of four opt-in Plaintiffs for dates in July and August 2013; Plaintiffs' counsel requested that two of the depositions be reset due to scheduling conflicts, and Defendants obliged by setting all of the depositions for dates in August 2013 (*id.* at 5).

On July 22, 2013, Defendants filed a motion to compel compliance with their discovery requests of any opt-in Plaintiffs who had not responded ("non-responding opt-in Plaintiffs") (doc.

---

[1] The class discovery period therefore is closed.  Defendants' motion for decertification, filed January 10, 2014, is pending (doc. 250; Plaintiffs' response at doc. 259).

[2] A proposed notice filed on August 20, 2012, states in part: "[w]hile this suit is proceeding, you may be required to respond to written questions, sit for depositions, and/or testify in court." (doc. 13-1 at 3; *see also* doc. 21 (order conditionally certifying class), doc. 22 (joint notice of filing proposed class description), doc. 23 (order authorizing plaintiffs to issue notice containing proposed class description), and doc. 24 (order denying as moot doc. 13)).

[3] The district court permitted two other persons to join after the opt-in period closed, neither of whom is a subject of Defendants' instant motion (doc. 229 at 3 n.1; doc. 238 at 5 n.1).

Case No.: 3:12cv351/MCR/EMT

201, Plaintiffs' response at doc. 203). On August 1, 2013, the undersigned entered an order granting, to a limited extent, Defendants' motion (doc. 205). Noting the untimeliness of any such challenge, the court first overruled any objection by Plaintiffs that they should not have to respond to Defendants' discovery requests because Defendants had already obtained adequate information. The court nevertheless concluded that dismissal or sanction of the non-responding opt-in Plaintiffs was not appropriate at that juncture. Rather, as Defendants were not seeking dismissal of the non-responding opt-in Plaintiffs at that time and Plaintiffs' counsel had represented that he was working diligently to procure responses from all opt-in Plaintiffs, the court concluded it need only direct Plaintiffs' counsel to continue his efforts. To that extent only, therefore, the court granted Defendants' motion to compel. The court emphasized that it did not conclude that dismissal of the non-responding opt-in Plaintiffs would not ultimately be appropriate but simply that such a sanction was not warranted at that time. The court cautioned Plaintiffs, however, that they "should be aware . . . that they may be dismissed from this action or otherwise sanctioned if they fail to comply with Defendants' discovery requests" (doc. 205 at 4) (citing Fed. R. Civ. P. 37(d)(1)(A)(ii) (providing that a court may "order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response"), and Fed. R. Civ. P. 37(b)(2)(A)(v) (noting dismissal as a possible sanction)).

At the parties' request, this court conducted a telephonic conference on August 27, 2013, to further address discovery matters. And on August 28, 2013, the court issued a supplemental order providing counsel with guidance concerning additional matters not specifically raised in Defendants' motion to compel but discussed at the telephonic conference the previous day (doc. 218). Specifically, the court addressed the issue of "individualized" versus "representative" discovery, and concluded that individualized discovery of all opt-in Plaintiffs was appropriate in this case for several reasons: discovery was pertinent to the question of whether specific individuals were "similarly situated," the relatively low number of opt-in Plaintiffs made individual discovery manageable, and the discovery requests were narrowly tailored and not burdensome. Moreover, the court observed, Plaintiffs' counsel—and thus ostensibly his clients—were aware that individual opt-in Plaintiffs could be required to participate in discovery, as the proposed notice sent to the opt-in

Plaintiffs stated as much (*id.* at 3, citing doc. 13-1 at 3).  Also, Defendants only sought to depose approximately 10% of the opt-in Plaintiffs.  Thus the majority of the opt-in Plaintiffs would not have to sit for depositions.  Readdressing Defendants' July 22, 2013, motion to compel in the supplemental order, the court therefore granted the motion to the further extent that Defendants were given permission to depose ten opt-in Plaintiffs of their choosing and that all opt-in Plaintiffs were required to fully respond to Defendants' discovery requests on or before September 30, 2013 (or three business days prior to any scheduled deposition, whichever date was earlier) (*see id.* at 4).

Subsequent to the issuance of this court's supplemental order but prior to September 30, 2013, Plaintiffs requested, and received, permission from the district court for two opt-in Plaintiffs to withdraw (*see* docs. 219, 220, 222, 223).[4]  Upon Defendants' filing their instant motion to dismiss (doc. 229), Plaintiffs filed a response in opposition (doc. 238), to which Defendants were permitted to file a reply (docs. 240, 241).  In three separate motions, Plaintiffs have also moved for the withdrawal, without prejudice, of six opt-in Plaintiffs, all of whom are among the group of thirty-seven Plaintiffs who are the subjects of Defendants' motion to dismiss with prejudice (docs. 230, 231, 232).  Defendants oppose Plaintiffs' motions for withdrawal (docs. 233, 234, 235).  Because Plaintiffs' instant motions to withdraw are related to Defendants' motion to dismiss, in this Report and Recommendation the court addresses them along with Defendants' motion.

The Parties' Positions

In their motion to dismiss, Defendants state that the thirty-seven opt-in Plaintiffs as to whom they presently seek dismissal have failed to respond to the written discovery propounded in April 2013. More specifically, these thirty-seven Plaintiffs, in part or whole, failed to answer Defendants' discovery requests despite two court orders directing their participation in discovery (one of which warned that dismissal could result for noncompliance) and the passage of five and one-half months in which to act (i.e., from the initial request date of April 15, 2013, through the court-extended due date of September 30, 2013).[5]  Additionally, Plaintiffs Byrnes, Cafaro, Gatte, and Serio failed to

---

[4] During the discovery period Defendants also filed two additional motions to compel discovery responses (docs. 226, 227), which this court denied without prejudice on procedural grounds without addressing any substantive matters (doc. 228).  The motions were not refiled.

[5] Defendants identify the thirty-seven Plaintiffs as: Joel Amnott, Laurie Brooks, Kristine Byrnes, Janis Caddell, Stasia Cafaro, Pamela [identified on the docket as Angela J.] Chance, Teresa Devin, Robert Dove, Denise Durante, Priscilla Erie, Meyata Farley, Mary Ellen Gallagher, Laurie Gatte, Lorraine Grinion-Small, Chris Harrell, Kizzy Houston,

appear for their depositions (doc. 229 at 7–9, 11).[6]  Defendants argue that dismissal with prejudice under Federal Rules of Civil Procedure 37 and 41 is an appropriate sanction against all thirty-seven Plaintiffs, whose "overall record of delay and willful conduct is firmly established by the record in this case" (*id.* at 11).  Furthermore, Defendants contend, "lesser sanctions are inadequate to correct Plaintiffs' conduct," given the extensive period during which they have failed to cooperate in discovery and their having "taken advantage of generous extensions[,] ignored this Court's orders[,] . . . [and apparently refused] to cooperate with their own counsel" (*id.*).  Moreover, the thirty-seven Plaintiffs' "dilatory conduct and refusal to cooperate in discovery, despite Defendants' efforts to minimize any potential burden on them, have caused and continue to cause extreme prejudice to Defendants and the Court" (*id.* at 12).[7]  Finally, Defendants argue that pursuant to Rule 37, the thirty-seven Plaintiffs should be required to reimburse them for reasonable expenses resulting from

---

Nakeshia Johnson, Juanita Jones, Jennifer Lunsford, Lisa Mays, Vickie McFarland, Sherletha Nelson, Tanya Peloquin, Sandra Pena, Anna Price, Donna Serio, Angela St. Julien, Rochelle Stafford, Kim Stephenson, Lenny Strehle, Maude Thomas, Kathleen Thorne, Valerie Trerice, Patricia Wall, Geraldine Ward, Kassandra Williams, and Lisa Willis (doc. 229 at 1).  According to Defendants, of these thirty-seven Plaintiffs, thirty-one failed to provide any responses whatsoever and six [Devin, Durante, Houston, Johnson, Wall, and Ward] responded only in part (*id.*, n.1).

Plaintiffs' accounting of the status of the Plaintiffs subject to this motion apparently differs somewhat.  According to Plaintiffs, at the time of filing their response, only twenty-four opt-in Plaintiffs had failed entirely to respond to Defendants' discovery requests [no names provided]; four had provided partial responses [no names provided]; four [McFarland, Pena, Johnson, and Williams] had provided untimely responses, and six [Peloquin, Price, Willis, Nelson, Brooks, and Grinion-Small] had filed motions to withdraw from the case (doc. 238 at 6–7).

Although Defendants identify the name of each of the thirty-seven Plaintiffs subject to the instant motion to dismiss, Plaintiffs do not clearly do the same.  As Defendants' accounting is more readily reviewable, the court accepts and relies on the names and numbers provided by Defendants, with one modification.  In their reply, Defendants do not challenge Plaintiffs' assertion in their response that Plaintiffs McFarland, Pena, Johnson, and Williams filed late responses to Defendants' discovery.  Accordingly, the court considers the number of non-responding Plaintiffs to be twenty-eight [reduced from the thirty-one identified by Defendants in their motion], the number of late-responding Plaintiffs to be four, and the number of partially responding Plaintiffs to be five [not counting Johnson, who is also a late-responder], for a total of thirty-seven.

[6] According to Defendants, without requesting a second rescheduling of her deposition, objecting to the deposition, or filing any motion for protective order, Plaintiff Cafaro failed to appear for her deposition on August 16, 2013, in Orlando, Florida (doc. 229 at 8).  Another deponent whose deposition was scheduled for the same day, however, did appear (*id.*, n.4).  Plaintiffs Byrnes and Gatte likewise both failed to appear for their rescheduled depositions in Baton Rouge, Louisiana, on August 20, 2013—also without filing motions for protective orders or giving advance notice to Defendants (*id.*).  Plaintiff Serio's deposition was rescheduled twice, but she nevertheless failed to appear for her August 23, 2013, deposition in Orlando, Florida, without requesting a new date for the deposition, objecting to the deposition, or moving for a protective order (*id.* at 8–9).

[7] Defendants submit that the failure to participate in written discovery and appear for depositions has "completely frustrated and thwarted" the "entire purpose of this Court's August 20, 2012 order (D.E. #11) setting forth a class discovery period," which was "for the parties to conduct discovery and assist the Court in determining whether this case should proceed to trial as a single collective case." (*id.* at 2 n.8).

Case No.: 3:12cv351/MCR/EMT

their discovery violations (*id.* at 14).  Defendants maintain that defending against Plaintiffs' claims (including responding to Plaintiffs' discovery requests, preparing discovery requests to Plaintiffs, preparing for and attending depositions for which certain Plaintiffs did not appear, preparing and arguing their motion to compel discovery, and preparing this motion to dismiss) have been costly to them, in terms of both time and resources (*id.* at 15).  According to Defendants, Plaintiffs have offered no justification for their failure to participate fully in written discovery or attend depositions, and there is no excuse for their conduct or failure to comply with the court's orders (*id.*).

In their response to Defendants' motion, Plaintiffs argue that dismissal with prejudice is unwarranted as they have exhibited "no willful or intentional bad faith conduct . . . and [that] lesser sanctions are available and just, if sanctions are deemed appropriate" (doc. 238 at 8).  Plaintiffs contend there was simply a "breakdown in communication with some of the at-issue opt-in plaintiffs and [Plaintiffs' counsel] cannot, at times, confirm their receipt of forwarded information" (*id.* at 10).  According to Plaintiffs, there is no evidence showing willful disobedience or bad faith by the non-responding opt-in Plaintiffs, and non-responsiveness should not be equated to a willful disregard for the discovery process or the court's discovery orders (*id.* at 9).  Plaintiffs submit that dismissal with prejudice for such conduct is too harsh a sanction for "mere negligence, as there is no proof they were aware of the Court's Order[s] or the scheduled depositions in order to make a conscious decision to disregard the same" (*id.* at 10).  Accordingly, Plaintiffs contend, to call their "actions willful or bad faith is unfounded" (*id.*).  If, however, the court concludes that Plaintiffs acted with willfulness or bad faith, "Defendants cannot say with surety that lesser sanctions [such as limiting damages] would not result in further compliance by the at-issue plaintiffs or would deter any future unresponsiveness" (*id.* at 12).  Plaintiffs argue further that Defendants have not been "significantly prejudiced" by the failure to receive discovery responses from all of the opt-in Plaintiffs, as Defendants have obtained "a significant representative sampling of the current opt-in plaintiffs, estimated at 58% . . . ," and they have conducted or will conduct a sufficient number of depositions (*id.* at 13).  According to Plaintiffs, while the lack of full compliance may have "frustrated the Defendants' efforts in compiling information on the pending issues, [ ] it has not significantly prejudiced the Defendants where they cannot establish a position as to the similarly situated issue and whether decertification is appropriate" (*id.* at 13–14).

Plaintiffs also oppose Defendants' request to be reimbursed for their reasonable expenses and fees (doc. 238 at 15). Plaintiffs reiterate that there is no evidence of bad faith or willful conduct. Moreover, as to Plaintiffs McFarland, Pena, Johnson, and Williams, Plaintiffs argue that there is no prejudice because they have, albeit untimely, complied with Defendants' discovery requests; there similarly is no prejudice with respect to Plaintiffs Peloquin, Price, Willis, Nelson, Brooks, and Grinion-Small, who filed their motions to withdraw only about one week after the court's September 30, 2013, discovery deadline. Nevertheless, state Plaintiffs, if the court finds that monetary sanctions should be imposed, such sanctions should take into account the party's ability to pay.[8]

In reply, Defendants contend that Plaintiffs have misstated key facts regarding the proposed class, specifically that Plaintiffs describe it as a "singular" group of former SHC employees. According to Defendants, the Plaintiffs in fact are both former and current employees who have worked in separate divisions of the company, under different managers, in different locations, in different job titles, under different job classifications, and under different compensation structures (doc. 242 at 1–2). Thus, contrary to Plaintiffs' assertions, Defendants claim they have not been able to obtain responses from a "representative sampling" of the Plaintiffs. Additionally, Defendants contend that they are not required to demonstrate "bad motive" or show they suffered "significant prejudice" in order to impose sanctions, as suggested by Plaintiffs. Also, they contend, the language of Rule 37 makes an award of fees mandatory unless there is substantial justification for the discovery violation or other circumstances would make the award unjust. Finally, Defendants argue that Plaintiffs have failed to provide any evidentiary support for their contention that the non-responding opt-in Plaintiffs' conduct was negligent rather than willful. Nor have Plaintiffs provided any evidence of the financial circumstances of the non-responding opt-in Plaintiffs with respect to the argument that any assessment of monetary sanctions must take into account the individual's ability to pay.

In their motions to withdraw from the case without prejudice, Plaintiffs Peloquin, Price, Willis, Nelson, Brooks, and Grinion-Small assert they no longer wish to participate in the case on

---

[8] Plaintiffs also state that their counsel should not be sanctioned for the conduct of the non-responding Plaintiffs (doc. 238 at 18), a contention with which Defendants evidently agree as they have specifically declined to seek sanctions against counsel (doc. 229 at 16 n.9). Defendants state that Plaintiffs' counsel has informed them throughout the discovery period of his efforts to contact his clients, a representation counsel has likewise made to this court. Accordingly, the court does not consider the imposition of sanctions against Plaintiffs' counsel.

the ground they "may not be able to recover" due to the terms or conditions of their employment (doc. 230 at 1, doc. 231 at 1, doc. 232 at 1). Defendants oppose their dismissal without prejudice, again arguing that the "clear record of delay or willful conduct" warrants dismissal with prejudice under Rules 37 and 41(b), as well as reimbursement of expenses (*see generally* docs. 233, 234, 235). In the alternative, Defendants ask, if the court decides to permit the dismissal of these six Plaintiffs without prejudice, that dismissal be conditioned on their having to pay Defendants' reasonable attorneys' fees and costs should they decide to refile their claims (*see id.* at 8).

Discussion

Federal Rule of Civil Procedure 37(b) authorizes the court to impose sanctions, including dismissal of suit, for the failure to comply with a discovery order. *See* Fed. R. Civ. P. 37(b). More specifically, under Rule 37(b)(2)(A)(v), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders . . . . [including] dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v). Also, in lieu of or in addition to other enumerated sanctions, Rule 37 directs the court to "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); *see also* Advisory Committee Note to 1970 Amendments to Rule 37 (explaining that Rule 37(b)(2) places the burden on the disobedient party to avoid expenses). Rule 41(b) similarly provides for the involuntary dismissal of a suit as a sanction for the failure to comply with a court order. Fed. R. Civ. P. 41(b). *See* Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006); Harrison v. Bd. of Regents of the Univ. Sys. of Ga., 519 F. App'x 641 (11th Cir. 2013) (unpublished); Doye v. Colvin, 378 F. App'x 926, 927 (11th Cir. 2010) (unpublished). Such a dismissal is customarily treated as an adjudication on the merits. *See* Rule 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

Notwithstanding its authority under Rules 37 and 41 to sanction a party with dismissal for its failure to comply with an order of the court, the "trial court's discretion regarding discovery sanctions is not unbridled." Doye, 378 F. App'x at 927 (citing Wouters v. Martin County, Fla., 9 F.3d 924, 933 (11th Cir. 1993)). "Violation of a discovery order caused by simple negligence,

misunderstanding, or inability to comply will not satisfy a Rule 37 default judgment or dismissal." Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1542 (11th Cir. 1993). Similarly, mere negligence or confusion is not sufficient to justify dismissal with prejudice under Rule 41(b) for noncompliance with a court order. McKelvey v. AT & T Techs., Inc., 789 F.2d 1518, 1520 (11th Cir. 1986); *see also* Zocaras, 465 F.3d at 483 (indicating that mere negligence is insufficient to justify a finding of delay or willful misconduct). Rather, because dismissal with prejudice is the ultimate sanction, before dismissing a lawsuit pursuant to either Rule 37 or 41, a district court must find that (1) the plaintiff's failure to comply with the relevant order was willful or in bad faith; and (2) lesser sanctions would not suffice. *See* Wouters, 9 F.3d at 933–34 (reversing Rule 37(b) dismissal because lesser sanction of an award of attorney's fees was available, court failed to make a specific finding of bad faith resistance to its discovery orders, and defendant was not prejudiced since it later obtained requested information during plaintiffs' depositions); Guideone Elite Ins. Co. v. Old Cutler Presbyterian Church, Inc., 420 F.3d 1317, 1324 (11th Cir. 2005) (stating that an action may be dismissed as a sanction under Rule 41(b) only where there is a clear record of willful conduct and a finding that lesser sanctions are inadequate); Navarro v. Cohan, 856 F.2d 141, 142 (11th Cir. 1988) (affirming Rule 37(b) dismissal because lesser sanctions had failed); Doye, 378 F. App'x at 927 (finding error in dismissal of prisoner's civil rights suit as sanction for violation of discovery order because record did not support finding that prisoner's refusal to submit to rescheduled deposition was willful or in bad faith and court did not consider lesser sanctions). In short, Eleventh Circuit precedent makes clear that the drastic sanction of dismissing a case with prejudice is only proper where "there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993) (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983); McKelvey, 789 F.2d at 1520)). In addition to these two considerations, the court should also assess whether the plaintiff's noncompliance with its orders has prejudiced the other party. *See* Wouters, 9 F.3d at 934; Ford v. Fogarty Van Lines, 780 F.2d 1582, 1583 (11th Cir. 1986).

The court first addresses Plaintiffs' contention that the failure of certain opt-in Plaintiffs to respond to Defendants' discovery requests or deposition notices should not be deemed willful disregard of the court's discovery orders because their nonresponsiveness may be attributable to a "break-down in communications," specifically, that they may not have received the discovery

documents sent to them (doc. 238 at 10). "The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee. The 'presumption of receipt' arises upon proof that the item was properly addressed, had sufficient postage, and was deposited in the mail. The presumption is, of course, rebuttable." Konst v. Fla. E. Coast Ry. Co., 71 F.3d 850, 851 (11th Cir. 1996); *see also* Hagner v. United States, 285 U.S. 427, 430, 52 S. Ct. 417, 76 L. Ed. 861 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in the usual time and was actually received by the person to whom it was addressed."); In re Prescott, 285 B.R. 763, 767 (Bankr. S.D. Ga. 2001) ("Proof that a letter, properly directed and stamped, was mailed to the last known address of an addressee satisfies due process because it was 'reasonably calculated' to provide notice, . . . and creates a presumption that the letter was received by the addressee.") (citations omitted). "The presumption of receipt may be rebutted . . . by producing evidence which would 'support a finding of the non-existence of the presumed fact.'" In re Prescott, 285 B.R. at 767. Although direct testimony of nonreceipt, combined with other evidence, may be sufficient to rebut the presumption, the mere denial of receipt, without more, is insufficient to rebut the presumption. *Id.*; In re Hobbs, 141 B.R. 466, 468 (Bankr. N.D. Ga. 1992).

There is no evidence before this court that the discovery documents at issue, including the court's orders, Defendants' written discovery requests, and Defendants' deposition notices, were properly addressed, stamped, and mailed to the respective thirty-seven opt-in Plaintiffs who are subject to Defendants' motion. Plaintiffs do not attempt to argue that such steps were not properly taken, however, nor—given the fact that Plaintiffs' counsel was responsible for sending these documents to his clients—should they. Furthermore, all thirty-seven Plaintiffs clearly received—and responded affirmatively—to the initial opt-in notice that was mailed to them by Plaintiffs' counsel. Also, the record suggests that nine of the thirty-seven Plaintiffs subject to Defendants' instant motion in fact did receive the discovery correspondence from their counsel: the late-responding McFarland, Pena, Johnson, and Williams, and the partially-responding Devin, Durante, Houston, Wall, and Ward (*see* n.5, *supra*). Under these circumstances, the court believes that the presumption of receipt as to the twenty-eight Plaintiffs who did not respond at all is fairly triggered. Moreover, and more importantly, Plaintiffs have come forward with no evidence

whatsoever that might rebut the presumption, such as photocopies of envelopes containing discovery correspondence or deposition notices that were returned as undeliverable.[9]

As to the group of twenty-eight non-responding opt-in Plaintiffs, the court makes the following determinations. First, as to Plaintiffs Peloquin, Price, Willis, Nelson, Brooks, and Grinion-Small, who now ask to be dismissed without prejudice, their eleventh-hour requests should have been filed—but were not filed—prior to the court's September 30, 2013, discovery deadline. Nevertheless, as the motions were filed from only three to eight days thereafter, the court does not find a clear record of delay or willful contempt such that dismissal with prejudice or the imposition of monetary sanctions against these Plaintiffs is warranted.[10] Kilgo, 983 F.2d at 192. Accordingly, as to Plaintiffs Tanya Peloquin, Anna Price, Lisa Willis, Sherletha Nelson, Laurie Brooks, and Lorraine Grinion-Small, the court recommends that Defendants' motion to dismiss them with prejudice be denied and that these Plaintiffs' motions to withdraw from this case without prejudice be granted.

As to the other twenty-two Plaintiffs who did not respond to Defendants' discovery requests, the court concludes as follows. Based on the unrebutted presumption noted above and the undisputed facts that these Plaintiffs failed to respond to Defendants' discovery requests over a

---

[9] Additionally, under agency principles, the knowledge of Plaintiffs' attorney may be imputed to Plaintiffs. The general rule is that "whatever knowledge an agent acquires within the scope of his authority is imputed to his principal." Lanchile Airlines v. Connecticut General Life Ins. Co. of North Amer., 759 F. Supp. 811, 814 (S.D. Fla. 1991). See also New York v. Hill, 528 U.S. 110, 115, 120 S. Ct. 659, 145 L. Ed. 2d 560 (2000) (observing that the knowledge and actions of a party's attorney may be attributed to the party); Decker v. Anheuser Busch, 632 F.2d 1221 (5th Cir. 1980) (stating that "[t]here is nothing new, novel or unique about the concept that notice to a person's attorney constitutes notice to the person. At common law, one is deemed to know the facts known to one's attorney."), *vacated and remanded*, 670 F.2d 506 (5th Cir. 1982) (*en banc*).

[10] Even if this court believed that monetary sanctions were appropriately imposed against these Plaintiffs, including under Rule 37(b)(2)(C), it appears that such sanctions are not available to Defendants here. The docket reflects that Defendants have failed to submit monthly time records, as required by N.D. Fla. Loc. R. 54.1(B)(2). As provided in Local Rule 54.1(B)(5), the failure to comply with this requirement "will result in attorneys' fees being disallowed for the omitted period." N.D. Fla. Loc. R. 54.1(B)(5). Local Rule 1.1 states that the local rules shall apply to all proceedings in this court. *See* N.D. Fla. Loc. R. 1.1. Therefore, the reporting requirements of Local Rule 54.1 should apply to Defendants' motion to dismiss and request for expenses under Rule 37(b)(2)(C). Accordingly, unless the district court waived compliance with the Rule's requirements or excused Defendants' noncompliance, *see* Guthrie v. Finnegans Wake Irish Pubs, LLC, Case No. 3:09cv30/MCR/EMT, 2009 WL 5176537 (N.D. Fla. Dec. 22, 2009), Defendants' failure to comply with Local Rule 54.1(B)(2) should preclude Defendants' reimbursement for their reasonable attorneys' fees. That said, Local Rule 54.1(B) does not require the monthly filing of reports for costs and expenses. *See* Johnson v. Mortham, 950 F. Supp. 1117, 1127 n.11 (N.D. Fla. 1996). Such items, therefore, could still be reimbursed, should an award for certain costs and expenses be granted.

Case No.: 3:12cv351/MCR/EMT

period in excess of five months, failed to comply with the court's two discovery orders (one of which warned of dismissal for noncompliance), and otherwise failed to communicate with their counsel or the court, the court finds there is an adequate record of delay or willful contempt.[11] Kilgo, 983 F.2d at 192; *see also* Henry v. Gill Indus., Inc., 983 F.2d 943, 948 (9th Cir. 1993) (noting that all that is required to demonstrate willfulness, bad faith, and fault is "disobedient conduct not shown to be outside the control of the litigant").  These Plaintiffs' failure to comply likely has also, at least to an extent, prejudiced Defendants' defense by compromising their ability to fully evaluate all members of the putative class, although it appears that Defendants nevertheless were able to adequately prepare their pending motion for decertification.

The court must next consider the question of sanctions against these twenty-two Plaintiffs. The court does not believe that permanently extinguishing their claims through the draconian remedy of dismissal with prejudice is appropriate, as the lesser sanction of a conditional dismissal without prejudice should suffice to punish Plaintiffs' disobedience with the court's orders.  *See* Goforth, 766 F.2d at 1535 (stating that "[d]ismissal of a case with prejudice is considered a sanction of last resort, applicable only in extreme circumstances"); *see also* Cruz v. Dollar Tree Stores, Inc., Case Nos. 07–2050 SC, 07–4012 SC, 2011 WL 843956 (N.D. Cal. Mar. 8, 2011) (dismissing without prejudice claims of class members who failed to respond to defendant's discovery requests). Before being permitted to refile, the respective Plaintiff must reimburse Defendants for the reasonable litigation costs and expenses associated with his or her discovery violation(s); additionally, if Defendants' noncompliance with Local Rule 54.1(B)(2) is waived or excused—an issue that has not yet been briefed or otherwise developed by the parties and thus is not addressed here—that Plaintiff should be required to reimburse Defendants for their reasonable attorneys' fees as well.  With that condition, the court therefore recommends the dismissal without prejudice of Plaintiffs Joel Amnott, Kristine Byrnes, Janis Caddell, Stasia Cafaro, Angela J. Chance, Robert Dove, Priscilla Erie, Meyata Farley, Mary Ellen Gallagher, Laurie Gatte, Chris Harrell, Juanita Jones, Jennifer Lunsford, Lisa Mays, Donna Serio, Angela St. Julien, Rochelle Stafford, Kim

---

[11] This finding applies with even greater force with respect to Plaintiffs Byrnes, Cafaro, Gatte, and Serio, who also failed to appear for their noticed depositions.

Case No.: 3:12cv351/MCR/EMT

Stephenson, Lenny Strehle, Maude Thomas, Kathleen Thorne, and Valerie Trerice.[12] In order to preserve the right of these Plaintiffs to pursue individual claims against Defendants, should the district court adopt this Report and Recommendation, the court further recommends that the district invoke its inherent equitable powers to toll the statute of limitations for a period of sixty (60) days from the date of adoption.[13] Additionally, Plaintiffs' counsel should be required to notify the affected class members within ten (10) days of adoption of the Report and Recommendation and to file a notice of confirmation of this action with the court within thirty (30) days of adoption.

The conduct of Plaintiffs McFarland, Pena, Johnson, and Williams in filing their discovery responses after the court's September 30, 2013, deadline is unacceptable. The additional delay appears to have been relatively limited, however, as the responses must have been submitted prior to the filing of Plaintiffs' response on October 15, 2013. Also, Plaintiffs' dilatory conduct apparently did not greatly impact the preparation of Defendants' motion for decertification, which was not filed until almost three months later, on January 10, 2014. Thus the court finds no clear record of delay or willful contempt that warrants dismissal (with or without prejudice) or the imposition of monetary sanctions. *Id.* As to Plaintiffs Vickie McFarland, Sandra Pena, Nakeshia Johnson, and Kassandra Williams, therefore, the court recommends that Defendants' motion to dismiss be denied. Plaintiffs Devin, Durante, Houston, Wall, and Ward did not respond fully to Defendants' discovery requests. Based on the limited information available to the court concerning the particular details, timing, and prejudicial effect of these partial responses, *see* doc. 229 n.1, the court does not perceive a clear record of delay or willful contempt such that the imposition of sanctions is indubitably warranted. The court therefore recommends that Defendants' motion to dismiss Plaintiffs Teresa Devin, Denise Durante, Kizzy Houston, Patricia Wall, and Geraldine Ward be denied.

Conclusion

---

[12] For all twenty-two Plaintiffs, this would include a proportional share of expenses for the filing of the instant motion to dismiss and reply. For Plaintiffs Byrnes, Cafaro, Gatte, and Serio, it would additionally include the reimbursable expenses related to the depositions for which they failed to appear.

[13] Of course, tolling the statute of limitations could only act to preserve claims that were timely-brought when this action was filed on July 18, 2012. Moreover, the recommendation of tolling the statute of limitations should apply only to the twenty-two Plaintiffs who are being involuntarily dismissed; it should not extend to the six Plaintiffs who have requested voluntary dismissal.

As discussed above, the court recommends that Defendants' "Motion to Dismiss Non-Compliant Opt-in Plaintiffs [with Prejudice] and for Reimbursement of Expenses Caused by Plaintiffs' Failure to Cooperate in Discovery" be denied with respect to Plaintiffs Tanya Peloquin, Anna Price, Lisa Willis, Sherletha Nelson, Laurie Brooks, Lorraine Grinion-Small, Vickie McFarland, Sandra Pena, Nakeshia Johnson, Kassandra Williams, Teresa Devin, Denise Durante, Kizzy Houston, Patricia Wall, and Geraldine Ward.  The motions to withdraw without prejudice filed by Plaintiffs Tanya Peloquin, Anna Price, Lisa Willis, Sherletha Nelson, Laurie Brooks, and Lorraine Grinion-Small should therefore be granted.  The court further recommends that Defendants' motion be granted with respect to Plaintiffs Joel Amnott, Kristine Byrnes, Janis Caddell, Stasia Cafaro, Angela J. Chance, Robert Dove, Priscilla Erie, Meyata Farley, Mary Ellen Gallagher, Laurie Gatte, Chris Harrell, Juanita Jones, Jennifer Lunsford, Lisa Mays, Donna Serio, Angela St. Julien, Rochelle Stafford, Kim Stephenson, Lenny Strehle, Maude Thomas, Kathleen Thorne, and Valerie Trerice, to the extent that dismissal should be without prejudice and, if any of these Plaintiffs seek to refile his or her claims, conditioned upon that Plaintiff's prior reimbursement of Defendants' reasonable expenses related to his or her respective discovery violations, to the extent such remedy is available.  The statute of limitations should be tolled for sixty (60) days with respect to the Plaintiffs whose claims have been involuntarily dismissed without prejudice in order to provide these Plaintiffs with an opportunity preserve their claims.

Accordingly, it is respectfully **RECOMMENDED** that:

1.Defendants' "Motion to Dismiss Non-Compliant Opt-in Plaintiffs [with Prejudice] and for Reimbursement of Expenses Caused by Plaintiffs' Failure to Cooperate in Discovery" (doc. 229) be **DENIED in part** and **GRANTED in limited part:**

a.The motion be **DENIED** with respect to Plaintiffs Tanya Peloquin, Anna Price, Lisa Willis, Sherletha Nelson, Laurie Brooks, Lorraine Grinion-Small, Vickie McFarland, Sandra Pena, Nakeshia Johnson, Kassandra Williams, Teresa Devin, Denise Durante, Kizzy Houston, Patricia Wall, and Geraldine Ward.

b.The motion be **GRANTED** with respect to Plaintiffs Joel Amnott, Kristine Byrnes, Janis Caddell, Stasia Cafaro, Angela J. Chance, Robert Dove, Priscilla Erie, Meyata Farley, Mary Ellen Gallagher, Laurie Gatte, Chris Harrell, Juanita Jones, Jennifer Lunsford, Lisa Mays, Donna Serio, Angela St. Julien, Rochelle Stafford, Kim Stephenson, Lenny Strehle, Maude Thomas,

Kathleen Thorne, and Valerie Trerice, to the extent that dismissal should be *without* prejudice and conditioned on the following: Before being permitted to refile, the respective Plaintiff must reimburse Defendants for the reasonable litigation costs and expenses associated with his or her discovery violation(s); additionally, if Defendants' noncompliance with Local Rule 54.1(B)(2) is waived or excused, that Plaintiff should be required to reimburse Defendants for their reasonable attorneys' fees as well.

c. With respect to the Plaintiffs who have been involuntarily dismissed without prejudice, the statute of limitations be tolled for **SIXTY (60) DAYS** from the date the district court may adopt this Report and Recommendation. Plaintiffs' counsel should be required to notify the affected class members within **TEN (10) DAYS** of adoption of this Report and Recommendation and to file a notice of confirmation of such action with the court within **THIRTY (30) DAYS** of such adoption.

2. The motions to withdraw without prejudice filed by Plaintiffs Tanya Peloquin, Anna Price, Lisa Willis, Sherletha Nelson, Laurie Brooks, and Lorraine Grinion-Small (docs. 230, 231, 232) be **GRANTED**.

At Pensacola, Florida, this 11th day of April 2014.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**